EXHIBIT "A"

CNT LAW GROUP
Cindy N. Tran (SBN: 228214)
Jeffrey Bao (SBN: 307346)
680 E. Colorado Boulevard, Suite 180
Pasadena, California 91101
626.788.2687 Tel.
626.788.9053 Fax

Attorneys for Plaintiff,
JANE TRAN

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JUN 21 2018

Sherri R. Carter, Executive Officer/Clerk
By: Charlie L. Coleman, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

BC 7 1 0 7 9 9

JANE TRAN, an individual;

    Plaintiff,

vs.

WELLS FARGO BANK, N.A. a South Dakota corporation; and DOES 1-50, inclusive;

    Defendants.

Case No.:

**COMPLAINT FOR:**

1. FEHA DISCRIMINATION;
2. FEHA HARASSMENT;
3. FAILURE TO PROVIDE REASONABLE ACCOMODATION;
4. FAILURE TO PREVENT DISCRIMINATION AND HARRASSMENT;
5. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY (TAMENY); AND
6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

PLAINTIFF JANE TRAN ALLEGES AGAINST DEFENDANT WELLS FARGO BANK, N.A. AS FOLLOWS:

## THE PARTIES

1. Plaintiff Jane Tran ("Plaintiff" or "Tran") was, and is, an individual residing in the County of Los Angeles, State of California.

2. Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") was, and is, a South Dakota corporation, doing business under the laws of the State of California, with a branch located in the County of Los Angeles, State of California.

//

COMPLAINT      1

3. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendant, DOES 1-50, inclusive are, at this time, unknown to Plaintiff and Plaintiff, therefore, sues said defendants by such fictitious names. When the true names and capacities of said defendants are ascertained, Plaintiff will move this Court for leave to amend this complaint accordingly.

## JURISDICTION AND VENUE

4. Plaintiff alleges that jurisdiction is proper in the State of California as Defendants reside, regularly transact, and/or committed acts and omissions in this action in this judicial district of the County of Los Angeles, State of California.

## FACTUAL ALLEGATIONS

5. In or around 2006, Defendant Wells Fargo hired Plaintiff Tran as one of their bank tellers. Throughout the years and through hard work and dedication, Plaintiff Tran received many accolades and promotions until earning the title of Bank Manager. Also, because of her many years of service to Defendant, Plaintiff Tran earned various employer-provided benefits, such as long-term disability paid leave.

6. In or around November 2014, Defendant Wells Fargo transferred Plaintiff Tran to its North Alhambra ("North Alhambra") bank branch, in the City of Alhambra, County of Los Angeles, State of California. During this time, Defendant Wells Fargo had a sales culture that placed intense pressure on its bank managers, and individual bankers, to meet certain sales quotas that caused many of them to order credit cards for its customers without their consent, to create fraudulent checking and savings for its customers without their consent, and to issue insurance policies for its customers without their consent. Because of this sales culture and intense pressure, it is estimated that Defendant Wells Fargo caused to create, approximately 3,500,000, fraudulent accounts for its customers, without their consent. Plaintiff Tran was also subjected to this intense pressure. Also, during this time and prior to Plaintiff Tran's transfer, the North Alhambra branch was facing a series of problems, such as: customer service issues, out of balance issues, inadequate staffing, and high employee turnover rate.

7. During the time of her employment at the North Alhambra branch, Defendant Wells Fargo, through its agent and Plaintiff Tran's direct supervisor Joseph Chow ("Mr. Chow"), blamed Plaintiff Tran

COMPLAINT 2

1 for all of the North Alhambra branch's pre-existing problems and prohibited her from taking paid time off
2 ("PTO"), despite Wells Fargo's Human Resources Department approving her PTO.

3     8.    On or about April 2016, Plaintiff Tran was out of town and while on her approved PTO, Mr.
4 Chow contacted Plaintiff and demanded that Plaintiff Tran immediately book a return flight to return to
5 work. Due to Mr. Chow's incessant demands and bullying, Plaintiff shortened her approved PTO, booked
6 a flight back to Los Angeles, and returned to work at the North Alhambra bank branch.

7     9.    On or about June 2016, since Plaintiff's PTO was cut short and the North Alhambra branch
8 was expecting additional staffing shortages in the future, Plaintiff Tran requested for PTO from Defendant
9 Wells Fargo before the expected staff shortage. However, Mr. Chow denied Plaintiff Tran's request, stating
10 that she did not meet her sales quotas and that she could not ask for PTO, until she had met her quotas.

11     10.    On or about August 2016, the North Alhambra bank branch was undergoing an audit and
12 Mr. Chow threatened that Plaintiff Tran and the North Alhambra bank branch staff that the branch must
13 pass the audit. During that time, Mr. Chow would constantly berate Plaintiff Tran and the North Alhambra
14 bank branch staff, calling them too "incompetent" to pass the audit. At this time, and as a result of
15 Defendant Wells Fargo's and Mr. Chow's actions, Plaintiff Tran began to suffer from anxiety,
16 sleeplessness, depression, and work-related stress, which manifested to spinal and back pain, and
17 Defendant Wells Fargo and Mr. Chow were aware of Plaintiff Tran's condition.

18     11.    On or about September 2016, news and media outlets began to report on Defendant Wells
19 Fargo's sales culture and intense pressure on its employees, having to meet sales quotas that lead to
20 Defendant Wells Fargo employees creating approximately 3,500,000 fraudulent accounts for its customers,
21 without their consent. Despite this coming to light, Mr. Chow continued the pressure on Plaintiff Tran and
22 the North Alhambra bank branch to push Defendant Wells Fargo's products on customers.

23     12.    On or about October 2016, Mr. Chow told Plaintiff Tran that she needed to meet her sales
24 quotas, or she should resign. Mr. Chow also indicated that if she did not meet her quotas, or resign, then
25 she would be terminated.

26     13.    On or about November 2016, while Plaintiff Tran was not scheduled to work, a North
27 Alhambra branch teller misplaced or miscalculated a shortage of $1,100.00. Mr. Chow, blamed Plaintiff
28 Tran for the misplaced or miscalculated shortage of $1,100.00.

COMPLAINT      3

14. On an ongoing basis and after learning of her condition, Mr. Chow's action and treatment of Plaintiff Tran had exacerbated her physical and mental disabilities.

15. On or about January 3, 2017, while Plaintiff Tran was not scheduled to work, another North Alhambra bank branch teller miscalculated a shortage of $60,000.00. Mr. Chow threatened to write up Plaintiff Tran for the miscalculated shortage of $60,000.00. Again, Mr. Chow stated Plaintiff Tran should just resign, or she would be terminated. Following that exchange, later that day, Plaintiff Tran suffered uncontrollable anxiety and sleeplessness; eventually, she was admitted to urgent care. There, Plaintiff Tran's doctor recommended that Plaintiff Tran take some time off work.

16. After speaking to Defendant Wells Fargo's Human Resources Department, Plaintiff Tran was approved for paid medical leave. Upon learning about Plaintiff Tran's health and medical leave, Mr. Chow contacted Plaintiff Tran to accuse her of fabricating her condition and Mr. Chow continued to blame her for the disorganized state of the North Alhambra bank branch.

17. On or about January 10, 2017, while Plaintiff Tran was on medical leave, Mr. Chow and another Wells Fargo employee Mayra, demanded that Plaintiff Tran return her keys to the North Alhambra bank branch.

18. On or about January 17, 2017, while Plaintiff Tran was on medical leave, Defendant Wells Fargo, through Mr. Chow and Mayra, again demanded that Plaintiff Tran return her keys to the North Alhambra bank branch.

19. Sometime after demanding that Plaintiff Tran return her keys, Defendant Wells Fargo changed the locks to the North Alhambra branch, in order to prevent Plaintiff Tran from returning to work. Defendant Wells Fargo's, Mr. Chow's, and Mayra's actions, while Plaintiff Tran was on medical leave, further exacerbated her physical and mental disabilities.

20. On or about June 2017, Plaintiff Tran was denied of further employee benefits, such as paid medical leave.

21. On or about January 2, 2018, due to intolerable working conditions at Defendant Wells Fargo, Plaintiff Tran was forced to resign.

22. On or about May 8, 2018, Plaintiff Tran filed a complaint with the Department of Fair Employment and Housing ("DEFH") and shortly after, Plaintiff Tran received a "Right to Sue" letter.

COMPLAINT                                                                            4

## FIRST CAUSE OF ACTION
### FEHA DISABILITY DISCRIMINATION (GOV. CODE § 12940(a))
(Against All Defendants)

23. Plaintiff Tran refers to paragraphs 1 through 22 of this complaint and incorporates them by reference as if same were set forth herein in their entirety.

24. At all times mentioned, the Fair Employment and Housing Act, Government Code Sections 12900-12996 ("FEHA"), was in full force and effect and binding on Defendant Wells Fargo. California Government Code Section 112940(a) provides that, it is unlawful employment practice for an employer to discriminate against an employee in terms, disabilities, and/or privileges of employment because of any physical or mental disabilities.

25. Plaintiff Tran is a member of a protected class within the meaning of the FEHA based on her physical and mental disabilities.

26. Defendant Wells Fargo and its employee Joseph Chow, in his capacity as Plaintiff Tran's direct manager, participated in the discrimination, harassment, and retaliation of Plaintiff Tran because of her physical and mental disabilities.

27. As an employee of Defendant Wells Fargo, Plaintiff Tran satisfactorily performed her duties and responsibilities, except for the duties and responsibilities that Mr. Chow, and Defendant Wells Fargo, demanded she do that would violate federal and local laws.

28. Defendant Wells Fargo, through Mr. Chow, repeatedly engaged in harassment and discriminatory conduct, with respect to Plaintiff Tran's physical and mental disabilities, by blaming her for the pre-existing problems at the North Alhambra branch, contacting Plaintiff Tran while she was on medical leave, accusing Plaintiff Tran of "fabricating" her physical and mental disabilities, demanding Plaintiff Tran's keys to her place of employment, changing the locks to her place of employment, denying reasonable accommodation, such as an uninterrupted medical leave, and other employer provided benefits, and causing Plaintiff Tran's constructive termination.

29. As a result of Defendant Wells Fargo's willful, knowing, and intentional discrimination, harassment, and retaliation against Plaintiff Tran, Plaintiff Tran has sustained and continues to sustain physical injuries, pain and suffering, extreme and severe mental anguish, and emotional distress, and will continue to sustain and incur substantial losses in earnings, employment benefits, medical expenses for

treatment, and for incidental medical expenses. Thus, Plaintiff Tran is entitled to damages in an amount, not less than $100,000.00, to be determined at the time of trial.

30. Defendant Wells Fargo's conduct as described above was willful, despicable, knowing, and intentional, and thus, Plaintiff Tran seeks an award for punitive and exemplary damages, in an amount to be determined at the time of trial.

### SECOND CAUSE OF ACTION
### FEHA DISABILITY HARASSMENT (CAL. GOV. CODE § 12940(j))
(Against All Defendants)

31. Plaintiff Tran refers to paragraphs 1 through 30 of this complaint and incorporates them by reference as if same were set forth herein in their entirety.

32. At all times mentioned, the Fair Employment and Housing Act, Government Code Sections 12900-12996 ("FEHA"), was in full force and effect and binding on Defendant Wells Fargo. Government Code Section 112940(j)(1) provides that, it is unlawful employment practice for an employer to harass an employee and/or to fail to take immediate and appropriate corrective action.

33. Plaintiff Tran is a member of a protected class within the meaning of FEHA, based on her physical and mental disabilities.

34. Defendant Wells Fargo and its employee Joseph Chow, in his capacity as Plaintiff Tran's direct manager, created a hostile and abusive work environment by participating in severe discrimination, harassment, and retaliation of Plaintiff Tran because of her physical and mental disability.

35. As an employee of Defendant Wells Fargo, Plaintiff Tran satisfactory performed her duties and responsibilities, except for the duties and responsibilities that Mr. Chow, and Defendant Wells Fargo, demanded she do that would violate federal and local laws.

36. Defendant Wells Fargo, and Mr. Chow, repeatedly engaged in harassing and discriminatory conduct, with respect to Plaintiff Tran's physical and mental disabilities, by blaming her for the pre-existing problems at the North Alhambra branch, contacting Plaintiff Tran while she was on medical leave, accusing Plaintiff Tran of "fabricating" her physical and mental disabilities, demanding Plaintiff Tran's keys to her place of employment, changing the locks to her place of employment, denying reasonable accommodation, such as an uninterrupted medical leave, and other employer provided benefits, and causing Plaintiff Tran's constructive termination. A reasonable person in Plaintiff Tran's circumstances

would have considered the work environment to be hostile and abusive. Due to the hostility and abusiveness exhibited by Defendants, Plaintiff Tran considered the work environment to be hostile and abusive.

37. As a result of Defendant Wells Fargo's willful, knowing, and intentional discrimination, harassment, and retaliation against Plaintiff Tran, Plaintiff Tran has sustained and continues to sustain physical injuries, pain and suffering, extreme and severe mental anguish, and emotional distress, and will continue to sustain and incur substantial losses in earnings, employment benefits, medical expenses for treatment, and for incidental medical expenses. Thus, Plaintiff Tran is entitled to damages in an amount, not less than $100,000.00, to be determined at the time of trial.

38. Defendant Wells Fargo's conduct, as described above, was willful, despicable, knowing, and intentional, and thus, Plaintiff Tran seeks an award of punitive, and exemplary damages, in an amount to be determined at the time of trial.

### THIRD CAUSE OF ACTION
### FEHA DISABILITY DISCRIMINATION – FAILURE TO PROVIDE REASONABLE ACCOMMODATION (CAL. GOV. CODE § 12940(m))
(Plaintiff Against All Defendants)

39. Plaintiff Tran refers to paragraphs 1 through 38 of this complaint and incorporates them by reference, as if same were set forth herein in their entirety.

40. At all times mentioned, the Fair Employment and Housing Act, Government Code Sections 12900-12996 ("FEHA"), was in full force and effect and binding on Defendant Wells Fargo. Government Code Section 112940(m)) provides that, it is unlawful employment practice for an employer to fail to provide reasonable accommodation to an employee with a known disability.

41. Plaintiff Tran is a member of a protected class within the meaning of FEHA, based on her physical and mental disabilities.

42. Defendant Wells Fargo, and its employee Joseph Chow, in his capacity as Plaintiff Tran's direct manager, failed to provide reasonable accommodation. Defendant Wells Fargo, and Mr. Chow, repeatedly engaged in harassing and discriminatory conduct, with respect to Plaintiff Tran's physical and mental condition, by blaming her for the pre-existing problems at the North Alhambra branch, contacting Plaintiff Tran while she was on medical leave, accusing Plaintiff Tran of "fabricating" her physical and

COMPLAINT                                                                                       7

mental disabilities, demanding Plaintiff Tran's keys to her place of employment, changing the locks to her place of employment, denying reasonable accommodation, such as an uninterrupted medical leave, and other employer provider benefits, and causing Plaintiff Tran's constructive termination.

43.  As an employee of Defendant Wells Fargo, Plaintiff Tran satisfactory performed her duties and responsibilities, except for the duties and responsibilities that Mr. Chow, and Defendant Wells Fargo, demanded she do that would violate federal and local laws.

44.  As a result of Defendant Wells Fargo's willful, knowing, and intentional discrimination, harassment, and retaliation against Plaintiff Tran, Plaintiff Tran has sustained and continues to sustain physical injuries, pain and suffering, extreme and severe mental anguish, and emotional distress, and will continue to sustain and incur substantial losses in earnings, employment benefits, medical expenses for treatment, and for incidental medical expenses. Thus, Plaintiff Tran is entitled to damages in an amount, not less than $100,000.00, to be determined at the time of trial.

45.  Defendant Wells Fargo's conduct as described above was willful, despicable, knowing, and Intentional, and thus, Plaintiff Tran seeks an award of punitive, and exemplary damages, in an amount to be determined at the time of trial.

### FOURTH CAUSE OF ACTION
### FEHA DISABILITY DISCRIMINATION – FAILURE TO PREVENT HARASSMENT AND DISCRIMINATION (CAL. GOV. CODE § 12940(k))
(Against All Defendants)

46.  Plaintiff Tran refers to paragraphs 1 through 45 of this complaint and incorporates them by reference, as if same were set forth herein in their entirety.

47.  At all times mentioned, the Fair Employment and Housing Act, Government Code Sections 12900-12996 ("FEHA"), was in full force and effect and binding on Defendant Wells Fargo. Government Code Section 112940(k)) provides that, it is unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

48.  Plaintiff Tran is a member of a protected class within the meaning of the FEHA based on her physical and mental disabilities.

49.  Defendant Wells Fargo, and its employee Joseph Chow, in his capacity as Plaintiff Tran's direct manager, failed to provide reasonable accommodations. Defendant Wells Fargo, and Mr. Chow,

repeatedly engaged in harassing and discriminatory conduct, with respect to Plaintiff Tran's physical and mental condition by blaming her for the pre-existing problems at the North Alhambra branch, contacting Plaintiff Tran while she was on medical leave, accusing Plaintiff Tran of "fabricating" her physical and mental disabilities, demanding Plaintiff Tran's keys to her place of employment, changing the locks to her place of employment, denying reasonable accommodation, such as an uninterrupted medical leave, and other employer provider benefits, and causing Plaintiff Tran's constructive termination.

50. As an employee of Defendant Wells Fargo, Plaintiff Tran satisfactory performed her duties and responsibilities, except for the duties and responsibilities that Mr. Chow, and Defendant Wells Fargo, demanded she do that would violate federal and local laws.

51. As a result of Defendant Wells Fargo's willful, knowing, and intentional discrimination, harassment, and retaliation against Plaintiff Tran, Plaintiff Tran has sustained and continues to sustain physical injuries, pain and suffering, extreme and severe mental anguish, and emotional distress, and will continue to sustain and incur substantial losses in earnings, employment benefits, medical expenses for treatment, and for incidental medical expenses. Thus, Plaintiff Tran is entitled to damages in an amount, not less than $100,000.00, to be determined at the time of trial.

52. Defendant Wells Fargo's conduct as described above was willful, despicable, knowing, and Intentional, and thus, Plaintiff Tran seeks an award of punitive, and exemplary damages, in an amount to be determined at the time of trial.

### FIFTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY – (TAMENY)
(Against All Defendants)

53. Plaintiff Tran refers to paragraphs 1 through 52 of this complaint and incorporates them by reference, as if same were set forth herein in their entirety.

54. At all times mentioned, California law prohibits an employer from terminating an employee for an unlawful reason, or a purpose that contravenes fundamental public policy.

55. Plaintiff Tran was subjected to working conditions that violated public policy, in that Defendant Wells Fargo, and its employee Joseph Chow, in his capacity as Plaintiff Tran's direct manager, failed to provide reasonable accommodation. Defendant Wells Fargo, and Mr. Chow, repeatedly engaged in harassing and discriminatory conduct, with respect to Plaintiff Tran's physical and mental condition by

1  blaming her for the pre-existing problems at the North Alhambra branch, contacting Plaintiff Tran while
2  she was on medical leave, accusing Plaintiff Tran of "fabricating" her physical and mental disabilities,
3  demanding Plaintiff Tran's keys to her place of employment, changing the locks to her place of
4  employment, denying reasonable accommodation, such as an uninterrupted medical leave, and other
5  employer provider benefits, and was a substantial factor in causing Plaintiff Tran's constructive
6  termination, since these working conditions were so intolerable that there was no reasonable alternative
7  except to resign.

8    56.    As an employee of Defendant Wells Fargo, Plaintiff Tran satisfactorily performed her duties
9  and responsibilities, except for the duties and responsibilities that Mr. Chow, and Defendant Wells Fargo,
10 demanded she do that would violate federal and local laws.

11   57.    As a result of Defendant Wells Fargo's willful, knowing, and intentional discrimination,
12 harassment, and retaliation against Plaintiff Tran, Plaintiff Tran has sustained and continues to sustain
13 physical injuries, pain and suffering, extreme and severe mental anguish, and emotional distress, and will
14 continue to sustain and incur substantial losses in earnings, employment benefits, medical expenses for
15 treatment, and for incidental medical expenses. Thus, Plaintiff Tran is entitled to damages in an amount,
16 not less than $100,000.00, to be determined at the time of trial.

17   58.    Defendant Wells Fargo's conduct as described above was willful, despicable, knowing, and
18 Intentional, and thus, Plaintiff Tran seeks an award of punitive, and exemplary damages, in an amount to
19 be determined at the time of trial.

**SIXTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(Against All Defendants)

22   59.    Plaintiff Tran refers to paragraphs 1 through 58 of this complaint and incorporates them by
23 reference, as if same were set forth herein in their entirety.

24   60.    At all times mentioned, California law prohibits an employer from terminating an employee
25 for an unlawful reason or a purpose that contravenes fundamental public policy.

26   61.    As an employee of Defendant Wells Fargo, Plaintiff Tran satisfactory performed her duties
27 and responsibilities, except for the duties and responsibilities that Mr. Chow, and Defendant Wells Fargo,
28 demanded she do that would violate federal and local laws.

62. While Plaintiff was on medical leave, Defendant Wells Fargo and its employee Joseph Chow, in his capacity as Plaintiff Tran's direct manager, contacted Plaintiff Tran while she was on medical leave, to accuse Plaintiff Tran of "fabricating" her physical and mental disabilities, to demand Plaintiff Tran's keys to her place of employment, to change the locks to her place of employment, to deny other employer provided benefits, and to cause Plaintiff Tran's constructive discharge.

63. Defendant Wells Fargo's, and Mr. Chow's, conduct were outrageous and intended to cause emotional distress. Alternatively, Defendant Wells Fargo, and Mr. Chow, acted with reckless disregard of the probability that Plaintiff Tran would suffer emotional distress. As a result, Plaintiff Tran did suffer severe emotional distress and Defendant Wells Fargo's, and its employee Mr. Chow's, actions were a substantial factor in causing Plaintiff Tran's severe emotional distress.

64. As a result of Defendant Wells Fargo's willful, knowing, and intentional discrimination, harassment, and retaliation against Plaintiff Tran, Plaintiff Tran has sustained and continues to sustain physical injuries, pain and suffering, extreme and severe mental anguish, and emotional distress, and will continue to sustain and incur substantial losses in earnings, employment benefits, medical expenses for treatment, and for incidental medical expenses. Thus, Plaintiff Tran is entitled to damages in an amount, not less than $100,000.00, to be determined at the time of trial.

65. Defendant Wells Fargo's conduct as described above was willful, despicable, knowing, and Intentional, and thus, Plaintiff Tran seeks an award of punitive, and exemplary damages, in an amount to be determined at the time of trial.

//

COMPLAINT                                                                                      11

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order as follows:

1. For damages in an amount to be determined at trial, but in no event less than $100,000.00;
2. For statutory damages;
3. For attorney's fees;
4. For pre-judgment interest;
5. For costs of suit; and
6. For such other and further relief as the court may deem just and proper.

DATED: June 18, 2018

CNT LAW GROUP

_____
Cindy Tran, Esq.
Jeffrey Bao, Esq.
Attorneys for Plaintiff, Jane Tran

COMPLAINT  12