# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-6086 PA (MRWx) | Date | July 24, 2018 |
| Title | Jane Tran v. Wells Fargo Bank, N.A., et al. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None  None

**Proceedings:**  IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on July 13, 2018, by defendant Wells Fargo Bank, N.A. ("Defendant"). (Docket No. 1.) Defendant asserts that the Court has jurisdiction over this action, brought by plaintiff Jane Tran ("Plaintiff"), based on diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)), amended by 387 F.3d 966 (9th Cir. 2004). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

To invoke this Court's diversity jurisdiction, Defendant must establish that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

Here, in an effort to establish Plaintiff's citizenship, the Notice of Removal asserts that:

> Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California. . . . Plaintiff was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6086 PA (MRWx) | Date | July 24, 2018 |
|---|---|---|---|
| Title | Jane Tran v. Wells Fargo Bank, N.A., et al. | | |

>     domiciled in California while she worked for Wells Fargo in California.
>     [footnote omitted]  Furthermore, based on information and belief, Plaintiff
>     permanently lives and, therefore, is domiciled in La Puente, California
>     where she owns property.

(Notice of Removal ¶ 6.)  To support these allegations of domicile, Defendant cites Plaintiff's Complaint, which provides that "Plaintiff Jane Tran . . . was, and is, an individual residing in the County of Los Angeles, State of California."  (Id. (citing Compl. ¶ 1).)  However, a person's residence is not the same as his domicile, so these allegations of Plaintiff's residence do not establish Plaintiff's citizenship.  Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").  Nor do Defendant's allegations, "on information and belief," that Plaintiff "permanently lives" in California demonstrate affirmatively Plaintiff's citizenship.  See id. ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  Therefore, the Notice of Removal does not adequately allege the citizenship of Plaintiff, and Defendant has failed to establish that complete diversity exists.

      Based on the foregoing, the Court remands this action to Los Angeles County Superior Court, Case No. BC710799 for lack of jurisdiction.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.